## Travis C. Barham

| | |
|---|---|
| **From:** | Stephanie Solomon <swebster@adflegal.org> |
| **Sent:** | Friday, October 3, 2025 3:23 PM |
| **To:** | efield@ghrlawyers.com |
| **Cc:** | Tyson Langhofer; Matthew Ray; Rebekah Schultheiss |
| **Subject:** | Roderick Theis - Appeal |
| **Attachments:** | 2025.10.03 Theis Investigation Appeal.pdf |

Mr. Field:

Please see the attached correspondence sent on behalf of Tyson C. Langhofer.

Thank you,
Stephanie



Stephanie Solomon
Paralegal
+1 571 707 4655 (Office)
571-707-4790 (Fax)
swebster@adflegal.org
ADFlegal.org

This e-mail message from Alliance Defending Freedom and any accompanying documents or embedded messages is intended for the named recipients only. Because Alliance Defending Freedom is a legal entity engaged in the practice of law, this communication contains information, which may include metadata, that is confidential, privileged, attorney work product, or otherwise protected from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. If you have received this message in error, please immediately notify the sender and permanently delete the message. PRIVILEGED AND CONFIDENTIAL - ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT.

Theis Decl. Ex. 10 at 001



ALLIANCE DEFENDING
FREEDOM
FOR FAITH. FOR JUSTICE.

October 3, 2025

***Via Electronic Mail***
Mr. Elliot Field
Garrett Hemann Robertson P.C.
P.O. Box 749
Salem, Oregon 97308-0749
efield@ghrlawyers.com

**Re:    *Mr. Roderick Theis' Appeal of September 18 Decision Letter and
September 24 Letter of Reprimand***

Dear Mr. Field,

On behalf of Mr. Theis, we submit this appeal of Aimee VanNice's September 18 Decision Letter and September 24 Letter of Reprimand to Superintendent Mark Mulvihill. As you are aware, Ms. VanNice met with Mr. Theis on September 24 and issued the aforementioned letters. According to Board Policy KL-AR(1), IMESD employees have 10 working days to appeal the decision of a supervising administrator to the superintendent.

Three factors undermine the investigator's findings and Ms. VanNice's determination. First, Mr. Theis has an excellent record of demonstrating effective and professional communication with students, parents, and team members. The investigator's conclusions are based upon accusations that are entirely inconsistent with this record and thus should be viewed skeptically. Second, and relatedly, Rachael Oliver's two Bias Incident complaints against Mr. Theis and the timing of this complaint so soon after the filing of his lawsuit against IMESD betray a hostile attitude towards him and his views which undermines her credibility. Third, the Decision Letter fails to provide any detail about the other "accounts of those present for the meeting" to support the investigator's conclusions.

Therefore, the Decision Letter and Letter of Reprimand should be rescinded, and Ms. Oliver's complaint should be dismissed.

**I.    The complaint's accusations are inconsistent with Mr. Theis'
record of effective communication.**

Mr. Theis' ability to communicate effectively is one of his most highly praised attributes as an Education Specialist. He has consistently received excellent

**Theis Decl. Ex. 10 at 002**

performance evaluations in this area during his 17 years of service, numerous letters of recommendation from administrators and staff that he has worked with (attached for review), and verbal commendations from La Grande Middle School Principal Chris Wagner. Specifically, Principal Wagner has commended his contributions during meetings with LGMS staff, students, and parents. On several occasions, during the 2023-24 and 2024-25 school years, he has expressed that he and the LGMS staff appreciate Mr. Theis' insight, care, and guidance.

Communication is also one of Mr. Theis' most valued skills. During his five-year tenure at Hermiston School District, for example, the District asked Mr. Theis to facilitate meetings with parents when District officials thought that the meeting could be particularly challenging due to tension or high-running emotions with the parents. Mr. Theis is no stranger to "difficult conversations" with students, parents, or team members. And he has always sought to represent himself and IMESD well in those conversations.

The May 21 meeting was no different. All of Mr. Theis's comments regarding the student's level of emotional distress were for the legitimate purpose of aiding the team in understanding her needs in the school environment. Mr. Theis denies stating that LGMS needed to provide the student "day treatment level care." Rather, based on Mr. Theis' observations and the information presented to him about the student, Mr. Theis commented that the student's behavior during the meeting, when combined with the results from the evaluation, was suggestive of a student that may need this higher level of care if LGMS could not find another way to successfully serve her. At no time did Mr. Theis "dismiss[]" the student's or family's needs or otherwise convey "annoyance." *See* Decision Letter at 1. In fact, Mr. Theis felt that the rest of the team had failed to validate the significant emotional needs and problems of the student. In fact, the student and family indicated that the team's proposed intervention was unacceptable. Therefore, it was his job to assist the team and advocate for the needs of the student.

Indeed, there is a clear statement of expectation in the Best Practices in School Psychology: Foundations textbook that education specialists and school psychologists are expected to do exactly what he did in this meeting:

"[W]hen students indicate than at intervention is unacceptable (either before or during implementation), school psychologists have a responsibility to engage in reflection, dialogue, and problem-solving with students, educators, and families (Roach & Graybill, 2023, p 227, NASP Publications)"

Therefore, Mr. Theis' comments and feedback were consistent with his responsibilities.

**Theis Decl. Ex. 10 at 003**

## II.    Ms. Oliver's complaints relate to ongoing litigation and undermine her credibility.

As you know, Mr. Theis filed his First Amendment lawsuit against IMESD on May 21, 2025. The lawsuit challenges IMESD's unlawful retaliation against Mr. Theis based on a single Bias Incident complaint from an unnamed LGMS employee. Upon Mr. Theis' request, Ms. VanNice emailed Mr. Theis a copy of that complaint on September 15 which identified Ms. Oliver as the complainant. Just two days after Mr. Theis filed his lawsuit, Ms. Oliver filed a second complaint, the one at issue here. Ms. Oliver has recently filed a third Bias Incident complaint against Mr. Theis. Her complaints label him as "transphobic" and unprofessional. It is also telling that Ms. Oliver made no attempt to address her concerns in the present complaint with Mr. Theis, as required by the KL-AR Policy. *See* Board Policy KL-AR(1) at 1 ("If the individual is unable to resolve a problem or concern with the employee, the individual may file a written, signed complaint"). She instead went straight to Mr. Theis' employer. This pattern and these allegations reveal Ms. Oliver's determination to see Mr. Theis disciplined or terminated.

Ms. Oliver's attitude towards Mr. Theis and his views casts a specter over her claims and calls into doubt any statements or testimony she may have given to the investigator. Indeed, no staff member raised any concern about Mr. Theis' comments during the May 21 meeting with him. And while Ms. Oliver claims Mr. Theis has an "inability to remain professional," an "inability to communicate professionally with parents," and accuses him of "overstep[ping] [his] professional role regularly," she failed to provide any evidence for these allegations beyond her opinions about his comments during the May 21 meeting. These accusations are also inconsistent with her past interactions with Mr. Theis where she sought out his guidance and consultation on multiple cases. This evidence indicates that Ms. Oliver complained purely in response to the lawsuit, rather than out of any real concern over Mr. Theis' performance and professionalism.

## III.    The investigator's conclusions are speculative and lack any basis in fact.

The investigator's conclusions rest on speculation. The Decision Letter warns that Mr. Theis' comments created a "risk" of committing IMESD to services and "could" have negatively impacted the student's self-esteem. But speculation and apprehension cannot be a basis for finding Mr. Theis violated any IMESD policy. Indeed, the investigator notes that there was insufficient evidence to conclude Mr. Theis violated any policy or rule. *See* Decision Letter at 1.

Despite this, the investigator insisted that Mr. Theis' conduct fell short of his job responsibilities. But, again, the only "evidence" the Letter cites does not support

**Theis Decl. Ex. 10 at 004**

its speculative conclusion. The Letter relies solely on the vague "accounts of those present." For the reasons stated above, Ms. Oliver's account is not credible.

Significantly, the Letter fails to provide any details about how the family concerned *actually* felt about Mr. Theis' contributions. In fact, the Letter's language indicates that the investigator may have never even interviewed the family. First, the Letter notes that Mr. Theis' remarks "could" have negatively impacted the student. *See* Letter at 1. Second, the investigator's summary of the "accounts of those present" regarding Mr. Theis' tone "*toward* the family present" suggests that the family's actual perspective was not considered. According to Mr. Theis, the student and family found the team's proposed interventions unacceptable. It was only after Mr. Theis' contributions that the meeting became more productive. A policy violation or reprimand cannot be based on rank speculation. Thus, the only correct conclusion is that Mr. Theis acted consistently with his job responsibilities.

## CONCLUSION

Ms. Oliver's behavior has demonstrated animus towards Mr. Theis, which undermines her credibility. What's more, her allegations are not only unsupported but contradicted by the facts and Mr. Theis' record of demonstrating effective and professional communication, as shown by numerous letters of recommendation, verbal commendations from LGMS staff, and sterling performance evaluations in this area. Therefore, the Decision Letter and Letter of Reprimand should be rescinded and removed from Mr. Theis' employment file.

Respectfully Submitted,

s/*Tyson C. Langhofer*
Tyson C. Langhofer
Director of ADF Center for Academic Freedom
ALLIANCE DEFENDING FREEDOM
Counsel for Roderick Theis

cc (via electronic mail):
- Mr. Matthew C. Ray, Legal Counsel, ADF Center for Academic Freedom, mray@ADFlegal.org.
- Ms. Rebekah Schultheiss, Esq., rebekah@millardoffices.com.

**Theis Decl. Ex. 10 at 005**

4/30/25

To Whom it may concern,

This is a letter regarding the professional character of Rod Theis. In my experiences working with Rod, I have nothing but positive comments. During the time I have had the privilege of working with Rod, he has astounded me with the prompt and thorough job he continues to do in our school district.

Rod shows an amazing ability to read through and analyze student files and then give recommendations on what assessments would likely be needed. He follows through on having them assessed in a timely manner, all while providing us as teachers with detailed reports of the students' current levels and possible needs. Rod is not only prompt but also organized. I have never experienced any delays in getting students tested or in receiving the completed detailed reports. In past interactions with other diagnosticians, that has not been the case.

Rod shows a lot of compassion for each and every student and genuinely has a desire to help and support them, even when he is not working directly with them and, in most cases, doesn't really know the students. He treats each student as an individual and makes them feel seen and important in his brief contact with them. Rod has a heart to see each student get the support they need to be successful, and it shows in his interactions with students and his work.

Working with a diagnostician who listens to teachers and cares for students is a trait I wish all professionals in this field had. Rod not only possesses these traits but is also a wealth of knowledge on the students' strengths, weaknesses, and disabilities. Rod has always been pleasant to work with and professional in my interactions with him. I have valued his support and advice throughout the 2024-25 school year as I stepped into the role of the Jr./Sr. High School special education teacher.

Best Regards,

*Joelle Johnson*

Joelle Johnson

Elgin JR./Sr. High Special Education Teacher

**Theis Decl. Ex. 10 at 006**

February 12, 2020

To Whom it may concern,

I have worked as the special education teacher for the *Pilot Rock School District* for the past 19 years, and altogether in special education for 21 years. I have worked with Rod Theis for the past five years, when he was assigned by the ESD to provide school psychology services in our district.

During this time, Rod has demonstrated an impressive, well rounded abundance of knowledge in his field of expertise. He has the ability to share the data he acquires with professional staff, parents and students in terms that are easily understood. I have also been impressed with the rapport he creates with his testing subjects.

We have had several different people assigned to provide these services over the years that I have worked in this district. While they all have had their strengths and things that I have appreciated, what I appreciate about Rod is his dedication to providing reports that are thorough. He also frequently provides printed suggestions that are useful in the planning and progression of student learning.

When Rod told me that he was planning to relocate, I was disappointed because he has served our district for several years and has come to know the student body and staff. However, I understand his desire to move for the benefit of his son and I do not hesitate to recommend him to your district. If you have any further questions, please feel free to give me a call at my office number listed below.

Sincerely,

*Larilyn Gose*

Larilyn Gose
Special Education Teacher
Pilot Rock School District
541-443-2671
larilyn.gose@pilotrocksd.org

Crystal G. Mathwich
84780 Tum A Lum Rd.
Milton Freewater, OR 97862
509-945-0422

To Whom it May Concern:

I have been a classroom teacher and case manager for students with disabilities for the last 7 years. I have worked with Rod Theis, he being our School Evaluation Specialist, in two different settings. One at Central Middle School and the other at Weston McEwen High School. Rod has worked as a part of our IEP team to help determine eligibility of students with disabilities.

I highly recommend Rod Theis for any position related to evaluations and eligibility determination. Rod has a good report with middle school and high school students. He is cognizant of their needs and can read the student quickly in order to be able to effectively evaluate the student. Rod writes reports that are very informative yet easy to navigate. He has a specific strength in being able to review files and really target primary factors affecting the child. In our school, he has performed cognitive, behavior, autism, executive functioning, academic, and social/emotional assessments to help determine eligibilities. Once assessments are completed he is then able to explain the results to the team in a manner that they are able to understand and apply in their classrooms. Parents have appreciated his honesty and thorough assessments of their students.

Rod Theis would be an asset to any IEP or Evaluation Team. If you have any further questions in regards to my recommendation. Please feel free to call me.

Respectfully,

*Crystal Mathwich*

Crystal G Mathwich

Theis Decl. Ex. 10 at 008

February 18, 2020

To Whom It May Concern:

I am writing this letter to recommend Rod Theis for the position of Evaluation Specialist/School Psychologist within your organization. I had the opportunity to work with Rod for the 2019-2020 school year as our Evaluation Specialist with the Intermountain Education Service District.  Currently, I am employed by the Helix School District and have been so for the past seven years. My first four years were spent in an elementary classroom and the last three have been spent as the Special Education teacher/504 coordinator. Due to my job, I have been able to work with all of the service providers in our building and have completed evaluations, IEP planning, and 504 plans with them.

Rod came into a position that was held by a school psychologist for many years and he was up for the challenge to serve the unique needs within our small district. Right away he demonstrated a passion for his job and an eagerness to help our Helix students succeed academically, socially, and emotionally. The current caseload in Helix is 22 students with IEPs and 9 with 504 plans. This year Rod worked on 4 initial referrals for Special Education and 5 three year reevaluations. Each case mentioned was unique and presented its own challenges for the team to overcome while finding the best placement or eligibility for the student. Rod came into each of those meetings with a new perspective being new to our district as a staff member; however, he understood the setting well because he was a Helix graduate. The parents and staff commented to me on how they enjoyed his insight and how he was able to put himself in the shoes of the students he examined and explain them well on paper. His compassion for students with disabilities was evident and he would find ways to use real life examples to explain a challenge that the student was facing. The students enjoyed going to test with him and never complained about missing class time to do so. His personality and demeanor with the students allowed for them to feel at ease during a potentially stressful time.

Even though Rod was only with our district for a short time, I appreciated that he was willing to add another school to his schedule and provide us with a service that we desperately needed. The year started looking like and easy one for Helix, but new referrals and complex situations proved our original thoughts to be false. Rod was able to provide me with the knowledge, insight, and evaluations that I needed to be able to do my job. Whenever I needed him, Rod was a phone call away and willing to talk something through with me. All of the qualities mentioned throughout this letter are the reasons why I think he would be a good candidate for employment within your organization.

Please do not hesitate to contact me if you have any further questions at (541)969-3345 or mckmcdon@gmail.com.

Sincerely,

*McKennon McDonald*

February 19, 2020

RE: Letter of Reference for Rod Theis

To Whom it may concern,

My name is Stacey Warne, school counselor at Central Middle School in Milton Freewater, Oregon. This is my 28th year working in this district, which has afforded me the opportunity to wear several hats during my service here. I taught 5 years as a teacher, became a counselor, then a dean of students, then an associate principal, and eventually a principal at Grove Elementary. After 7 years in administration, I am back in a counseling role, which is near and dear to my heart. In all my years in education, I have not met a more genuine person, and that truly possesses a high level of expertise in the psychological field as Rod Theis. Over the last 4+ years, I have worked with Rod in the middle school setting where he has assisted us in determining student needs and challenges through various assessments and consultation. He has been a vital player in better understanding these students and coming up with effective strategies and solutions to best meet their needs.

Rod has impressed me with some pretty deep thinking. Rod is a learner. His interpretations and reports, as well as his discussions in our meetings, are informed with rich understanding and thought. Rod is wealthy in information. When it comes to the psychological field within an educational setting, he is my first resource. I can't tell you how many times I've heard him express well-rounded explanations, studies, scientific data, and personal stories. He's like a walking textbook, but with a very likeable personality. When Rod is giving a report, you can't help but want to excel.

I am sad to learn that Rod will eventually not be working in our district. We're not going to be able to replace him. Yes, we'll get somebody, but they won't be Rod. Among other strengths you will get if you hire Rod; are honesty, a hard-worker, integrity, a good sense of humor, and the things already stated above. This is what he has been for us, and without hesitation I believe he will be the same for you! If you have further questions, please feel free to call me at the numbers listed below.

Sincerely,

Stacey Warne
School Counselor
Milton Freewater School District
Office: 541-938-5504 ext. 7307
Cell: 509-301-3593

**Theis Decl. Ex. 10 at 010**

# Union High School 7th –12th



Carter Wells, Superintendent/Principal
carter.wells@unionsd5.org

PO BOX 908 | 540 S. Main Street | Union, OR 97883
541.562.5166 | Fax: 541.562.8116 | www.union.k12.or.us

Traci Antoine, Office Assist. 7-12
traci.antoine@unionsd5.org

October 29, 2024

To Whom It May Concern:

Mr. Roderick Theis has asked me to submit a recommendation letter to support his application to your online graduate program of School Psychology. In the thirteen years I have taught Special Education, Roderick Theis stands apart from all other Educational Specialists with his exceptional knowledge and outstanding professionalism. I am very pleased to present him to you.

Roderick distinguished himself as an Educational Specialist in the Union School District. Personally, I have worked with Roderick for two years. As our Education Specialist, he engaged easily with students, staff, and parents. Roderick made himself available to assist with whatever problems were brought to his attention and completed timely and thorough reports. Roderick won the confidence of our administrators and both the special education and regular education staff here at Union. He participated in special education team meetings and frequently presented evaluation reports to parents and staff with professionalism. He is able to participate in discussions posing critical questions and when appropriate offering constructive feedback. In addition to his excellent verbal communication skills, Roderick demonstrated excellence in his ability to conceptualize, analyze, and synthesize important information.

Roderick shows empathy, concern, and commitment to what is best for students and their family. He combines above average intellectual capabilities with strong motivation, warm personality, and excellent clinical skills. This combination invariably spells professional success, and I think you will see this happening as he completes the graduate program of School Psychology. It is therefore with great confidence that I recommend him to your school's program.

If you would like me to provide additional information, please do not hesitate to call.

Sincerely,

Shaunna M. Ransdall, Masters
Special Education Teacher

_____Building a solid foundation for lifelong learning!_____

**Theis Decl. Ex. 10 at 011**



# STELLA MAYFIELD
# ELEMENTARY SCHOOL

1111 DIVISION STREET • PO BOX 35 • ELGIN, OR 97827
541-437-2321 • FAX 541-437-8212

October 24, 2024

To Whom it May Concern,

It is with great pleasure I write this letter of recommendation and speak on behalf of the professional qualities of Rod Theis. Stella Mayfield Elementary has had the privilege of partnering with Rod as a contracted school diagnostician assigned to our district here in Elgin, Oregon through the Intermountain ESD.

Our school is situated in a predominantly high poverty region of northeast Oregon. With this comes unique challenges as it relates to effectively reaching all student's needs within the classroom. As our school's diagnostician, Rod's depth of knowledge, his understanding of cognitive and physical development in school-age children, and his effectiveness in communicating to our staff and families on best-practices for individual learners is exemplary.

Rod was assigned to our district three years ago. Over this course of time he has demonstrated a high level of professionalism and has been an invaluable asset to our instructional team. Rod is extremely thorough in his observations, assessments, and reports to our staff. He communicates with our families with sensitivity in what can oftentimes be difficult conversations and always provides clear advice to our teaching and support staff on how to effectively reach the learning needs of students who have struggles academically. Additionally, Rod is an excellent manager of time and is amazingly efficient. He is not the only school-based diagnostician I have worked with and I, as well as our team here at Stella Mayfield, have been pleasantly surprised on how promptly he can provide accurate data on student performance and give insight on ways to assist students toward success.

It is without reservation that I highly recommend Rod Theis to the School Psychology program at Eastern Washington. If there are further questions regarding Rod and his qualifications I would be happy to communicate with you in greater depth and have provided my contact information below.

Thank you,

Tom Sorensen
Stella Mayfield Elementary
Principal
thomas.sorensen@elginsd.org
541-437-2321

*ENTER TO LEARN, DEPART TO SERVE*

**Theis Decl. Ex. 10 at 012**