**Kurt C. Peterson, OSB #980065**
**Jaclyn E. Garcia, OSB #233294**
WILLIAMS, KASTNER & GIBBS PLLC
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Phone: 503-228-7967
Fax: 503-222-7261
kpeterson@williamskastner.com
jgarcia@williamskastner.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| **RODERICK E. THEIS, II,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERMOUNTAIN EDUCATION SERVICE DISTRICT BOARD OF DIRECTORS; MARK S. MULVIHILL, Superintendent; and AIMEE VANNICE, Assistant Superintendent and Director of Human Resources, all in their official capacities,**<br><br>Defendants. | Case No. 2:25-cv-00865-HL<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

## LR 7-1 CERTIFICATION OF COMPLIANCE

Pursuant to LR 7-1(a), counsel for Defendants Intermountain Education Service District ("IMESD") Board of Directors, Mark S. Mulvihill, and Aimee VanNice has conferred with

counsel for Plaintiff and Plaintiff objects to this Motion. Pursuant to LR 7-1(d)(2), Defendants request oral argument.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 56, Defendants move this Court to enter judgment in its favor and dismiss with prejudice Plaintiff's claims. This Motion is supported by the following memorandum of law and the record before the Court.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiff filed this 42 U.S.C. § 1983 action against Defendants alleging that Defendants violated his First Amendment rights under the Free Speech Clause by directing him to remove certain books from his offices and by reprimanding him for displaying those books. However, Defendants were well within their rights to discipline, and later terminate, Plaintiff for the display of those books, as educators speak as government employees when they convey messages to students within the four walls of a school. As held by the Ninth Circuit, "Theis's complaint is ultimately 'nothing more than an ordinary employment dispute, it does not constitute protected speech and has no First Amendment protection.'" *Theis v. Intermountain Education Service District Board of Directors*, Nos. 25-5641 and 25-8039 (9th Cir. July 21, 2026), (citing *Boring v. Buncombe Cnty. Bd. of Educ.*, 136 F.3d 364, 369 (4th Cir. 1998) (en banc)).

## II. FACTUAL BACKGROUND

The factual background in this matter has already been extensively briefed by this Court and is thus incorporated in this Motion as if fully set forth herein. In addition to those facts, Defendants put forth the following.



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

Defendants employed Plaintiff as a school social worker. *See* ECF No. 1, Plaintiff's Complaint. Defendants directed Plaintiff to stop displaying discriminatory books to students in his school office. *Id.* After filing the underlying free speech suit, Plaintiff moved this court for a preliminary injunction that would allow him to continue displaying the books. *See* ECF No. 12, Plaintiff's Motion for Preliminary Injunction. The Court issued a preliminary injunction, which only allowed the books to be displayed when no students were present, and also prevented Defendant from taking disciplinary action against Plaintiff if chose to display the books while no students were present. *See* ECF No. 39, Opinion and Order. The Court based this decision and ruling on the fact that, "Plaintiff has shown that he is likely to succeed on part of his First Amendment retaliation claim insofar as IMESD has restricted his ability to display the books in his office and outside of the presence of students." *Id.* However, and equally importantly, the Court also stated the following, which is in large part why Plaintiff was only permitted to display the books while no students were present, "As for [Plaintiff's] remaining claims, he either cannot obtain any relief beyond that which he can obtain on his First Amendment retaliation claim, or he cannot demonstrate a likelihood of success on the merits of those claims." *Id.*

Despite this Court's ruling, Plaintiff proceeded to display the books while students were present, which was explicitly prohibited by this Court's preliminary injunction ruling. *See* ECF No. 50, Defendants' Response to Plaintiff's Motion to Enforce Preliminary Injunction. After Plaintiff refused to stop displaying the books to students, Defendants initiated termination proceedings, which it was not prohibited from doing, as the limitation imposed by the court was only applied to Plaintiff's display of the books while no students were present. *Id.* Plaintiff filed a motion to "enforce" the existing injunction against his impending termination. *See* ECF No.



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

46. This Court denied that motion on the grounds that Plaintiff "failed to demonstrate by clear and convincing evidence that Defendants violated the Preliminary Injunction, and because [Plaintiff's] display of the books to students was not protected speech." *See* ECF No. 52, Opinion and Order. . After the Court denied the motion, Defendants terminated Plaintiff's employment, but not because Plaintiff displayed the books. *See* Declaration of Aimee VanNice ("Dec. of A. VanNice"), ¶ 4. In reality, Defendant terminated Plaintiff because the school districts that IMESD services refused to allow Plaintiff to work in their districts. *Id.* at ¶ 3. As a result, Defendant simply did not have a position within the service district that Plaintiff could fill. *Id.* Ultimately, the discipline that underlies this lawsuit did not lead to Plaintiff's termination, which is in fact wholly unrelated to this lawsuit. *Id.* at ¶ 4.

Nonetheless, Plaintiff appealed this Court's ruling, and on July 21, 2026, the Ninth Circuit Court of Appeals issued its opinion on Plaintiff's appeals. *Theis,* Nos. 25-5641, 25-8039. The Ninth Circuit unequivocally ruled that Theis's actions **did not constitute protected speech** and **did not warrant First Amendment protection** (emphasis added). *Id.* As such, the Ninth Circuit's opinion is dispositive of all Plaintiff's claims against Defendants.

## III. PLAINTIFF'S CLAIMS

On May 21, 2025, Plaintiff filed suit against Defendants in the U.S. District Court of Oregon. In his Complaint, Plaintiff alleged six (6) different causes of action, all based on the First Amendment:

1. Violation of Plaintiff's First Amendment Right to Freedom of Speech, Content & Viewpoint Discrimination (42 U.S.C. § 1983)
2. Violation of Plaintiff's First Amendment Right to Freedom of Speech, Retaliation (42 U.S.C. § 1983)



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

3. Violation of Plaintiff's First Amendment Right to Free Exercise of Religion (42 U.S.C. § 1983)

4. Violation of Plaintiff's Right to be Free from Unconstitutional Conditions (42 U.S.C. § 1983)

5. Violation of Plaintiff's Fourteenth Amendment Right to Due Process of Law (42 U.S.C. § 1983)

6. Violation of Plaintiff's Fourteenth Amendment Right to Equal Protection of the Law (42 U.S.C. § 1983)

## IV. LEGAL AUTHORITY

Under Fed. R. Civ. P. 56, summary judgment shall be granted if the records show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Caterett*, 477 U.S. 317, 322-23 (1986). If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zeneth Radio Corp.*, 475 U.S. 574, 587 (1986).

Once a motion for summary judgement is filed, the nonmoving party must present affirmative evidence setting forth the specific facts to demonstrate the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322-23. The nonmovant's burden cannot be met by "speculation or guesswork." *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). As such, "a party's own speculation is insufficient to create a genuine issue of material fact . . . and a party cannot make it sufficient simply by finding an expert who is willing to assume its correctness." *Stephens v. Union Pacific Railroad Co.*, 935 F.3d 852 (9th Cir. 2019).



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

## V. LEGAL ARGUMENT

### A. Plaintiff violated this Court's Preliminary Injunction

As stated above, this Court issued a preliminary injunction, which allowed Plaintiff to displays his books, but **only** when no students were present. To that end, this Court also ruled that Defendants were prohibited from taking any disciplinary action against Plaintiff, in relation to his display of the books, but **only** if he chose to display the books while no students were present.

As previously stated and extensively briefed, Plaintiff chose to do the exact opposite of what he was permitted to do by the Preliminary Injunction just two (2) days after the order was issued, and began displaying the books while students were present. Specifically, on August 25, 2025, Plaintiff was present in his office when four (4) eighth grade students stopped by his office. During their visit, the eighth grade students saw the books Plaintiff had on display, and asked to see them. Plaintiff did not tell the students they could not read the books, nor did Plaintiff attempt to take the books down or turn them around so the title could not be seen. Because Plaintiff had these books readily available and on display while students were present, in direct violation of this Court's Order, the students were able to read to the books in question. As such, Defendants were well within their rights to take disciplinary action against Plaintiff for displaying the books while students were present, if they so desired.

Plaintiff's inability to comply with the Preliminary Injunction is precisely why this Court denied his subsequent motion seeking to enforce the Preliminary Injunction. Specifically, this Court ruled that "because Plaintiff has failed to demonstrate by clear and convincing evidence



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

that Defendants violated the Preliminary Injunction, and because his display of the books to students was not protected speech, Plaintiff's Motion is DENIED."

**B. There Was No Free Speech Violation**

As succinctly put by the Ninth Circuit, Defendants simply did not violate Plaintiff's First Amendment rights. *Theis,* Nos. 25-5641, 25-8039 at page 11. "For decades, circuit courts have uniformly rejected First Amendment arguments like Theis's. '[N]o court has found that teachers' First Amendment rights extend to choosing their own curriculum or classroom management techniques in contravention of school policy or dictates.'" *Id.* (citing *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d. Cir. 1990)). The Supreme Court made clear that the First Amendment protects a public employee's speech **only** when he speaks as a citizen, rather than as part of his official duties. *See Garcetti v. Ceballos*, 547 U.S. 410, 417–21 (2006). The Ninth Circuit explained in its opinion that it, "employ[ed] a "practical" and "fact-intensive" inquiry to determine whether [Plaintiff's] speech [wa]s made pursuant to official duties." *Theis,* Nos. 25-5641, 25-8039 at page 12 (citing *Dahlia v. Rodriguez*, 735 F.3d 1060, 1074–76 (9th Cir. 2013) (en banc)). The Opinion holds that Plaintiff "'bears the burden of showing [that] the speech was spoken in the capacity of a private citizen and not a public employee.'" *Id. (*citing *Eng v. Cooley*, 554 F.3d 1062, 1071 (9th Cir. 2009));the Ninth Circuit made it absolutely clear that Plaintiff did "not meet his burden here." *Id.*

It is undisputed that Plaintiff displayed the books in question when he was working for and in contact with students, at a time when school was in session, as evidenced by Plaintiff's own complaint and record before the Court. In other words, it is undisputed that Plaintiff's display of the books in question "occurred within the scope of his professional role." *Id.* The



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

Ninth Circuit emphasized that Plaintiff "does not dispute that his speech was aimed at students." *Id*. "This case is therefore distinguishable from those in which a school employee engages in the challenged speech off school grounds or while performing tasks unrelated to the school's ordinary operations, and from cases in which the employee does not direct his speech to students." *Id.* at 12-13.

Further, Plaintiff's "speech 'owes its existence to his position' in the IMESD schools, " i.e. his employment. *Id.* at 13. (citation omitted). Defendants hired Plaintiff's "speech" and as such, Plaintiff was speaking for his employer when he displayed the books in question. The allegations in the complaint make clear that Plaintiff displayed the books in his offices where he interacted with students as part of his assigned duties, and the displays were visible to those students during evaluations and meetings. As the Ninth Circuit held, "speech directed at students within a school setting in a capacity one might reasonably view as official is speech undertaken as part of a public employee's official duties." *Id.* (citation omitted).

When a public education employee communicates messages to students in a pedagogical or evaluative setting, he is performing the work he was hired to do. The Ninth Circuit made clear that under the circumstances of the allegations in the compliant, there was no First Amendment violation.

**C. There Is No Free Exercise of Religion Clause Violation**

Plaintiff's third cause of action is Violation of Plaintiff's First Amendment Right to Free Exercise of Religion under 42 U.S.C. § 1983. Yet, this Court denied Plaintiff's motion for a preliminary injunction on this matter; a decision that was affirmed by the Ninth Circuit. As stated in the Ninth Circuit's Memorandum, the Free Exercise Clause protects against laws that target



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

religious practice; it does not relieve an individual from the obligation to comply with a neutral, generally applicable rule. *Theis*, Nos. 25-5641, 25-8039 at page 3 (citing *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990), *superseded by statute on other grounds as stated in Ramirez v. Collier*, 595 U.S. 411, 424 (2022)).

ORS 339.347 prohibits discrimination in public education and requires education providers to adopt a policy addressing "bias incidents". Defendants, as required by the statute, thus implemented its "Every Student Belongs" ("ESB") policy. *Id.* at page 4. **"**The policy defines a "bias incident" as a "hostile expression of animus" based on a protected characteristic, including gender identity. *Id.* The policy also establishes procedures for reporting, investigating, and making findings about whether a bias incident has occurred." *Id.* at page 8-9.

"The Defendants' policy, as applied to the allegations of the Complaint, is a neutral and generally applicable rule." *Id.* at page 4. As the Ninth Circuit found, the policy regulates employee conduct in student-facing professional settings and applies **without** regard to whether that conduct is religiously motivated. *Id.* Nothing in the record suggests that the policy targets religious expression or was adopted because of disagreement with religious views. *Id.*

Despite this, Plaintiff claims that his speech and display of books was based on his religious beliefs. However, the Free Exercise Clause does not provide a right to engage in conduct restricted by a workplace rule simply because that conduct is religiously motivated. *Id.* (citing *Emp. Div., Dep't of Hum. Res. of Or. v. Smith, 494 U.S. 872, 878-79 (1990), superseded by statute on other grounds as stated in Ramirez v. Collier, 595 U.S. 411, 424 (2022)).* As stated by the Ninth Circuit, because the policy applies evenhandedly, it is subject to rational basis



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

review, *see Fulton v. City of Philadelphia, 593 U.S. 522, 533–34 (2021)*, which it readily satisfies. *Id.* Therefore, Defendants did not violate Plaintiff's Free Exercise of Religion right.

**D. There Is No Due Process Violation**

Plaintiff's fifth claim for relief is Violation of Plaintiff's Fourteenth Amendment Right to Due Process of Law under 42 U.S.C. § 1983 on that basis that his Due Process right was violated because he did not receive adequate notice of his discipline and did not receive an opportunity to be heard regarding the discipline.

Following the receipt of complaints, IMESD issued to plaintiff a "written directive concluding that Theis's display of the books constituted a bias incident, as it was a "hostile expression of animus" related to gender identity. The directive instructed Theis to stop displaying the books in his school offices, and warned that noncompliance could result in discipline, including termination." *Theis*, Nos. 25-5641, 25-8039 at page 9. The Superintendent and the IMESD Board rejected Plaintiff's appeals.

As stated by the Ninth Circuit, a statute "'fails to comport with due process if . . . [it] fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Id.* (citing *United States v. Williams*, 553 U.S. 285, 304 (2008)). The allegations in the Complaint and the record makes it clear that Plaintiff received adequate notice and was given ample opportunity to be heard during Defendants' multi-level appeals process. *Id.* As such, Defendants did not violate plaintiff's Due Process right.



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261

## VI. CONCLUSION

Based on the foregoing, defendants request that the Court grant its Motion for Summary Judgment in full.

DATED this 30th day of October, 2026.

WILLIAMS, KASTNER & GIBBS PLLC

s/Jaclyn Garcia
Kurt C. Peterson, OSB #980065
Jaclyn E. Garcia, OSB #233294
*Attorneys for Defendants*



**Williams, Kastner & Gibbs PLLC**
805 SW Broadway, Suite 2440
Portland, OR 97205-3317
Telephone: 503-228-7967 • Fax 503-222-7261